Good morning. Seagal Chadha, appearing on behalf of Appellant Jane Doe and Minor John Doe. I would like to reserve two minutes for rebuttal, please. Good morning, Your Honors. This case deals with Administrative Rule 5161 out of Washoe County School District, which establishes guidelines around the treatment of transgender and gender nonconforming students at Washoe County School District. It prohibits Washoe County School District from disclosing these matters to the parents, along with penalizing students that refuse to use their colleagues' pronouns and allows the school to discipline these students. What you're asking the court to do in this case is invalidate AR 5161? That is correct. This is a facial challenge of 5161 under the First and Fifth Amendments. How has this policy impacted your client? The question that we're dealing with on this case is whether the appellants have standing in this case. With that, what we look at is we look at whether there was a sufficient injury to Jane Doe or her son John Doe. The injury effect that we had here was that because the mother made these inquiries and challenged the school policy, subsequent to those challenges, the school started disciplining the minor child. A child that never had any disciplinary issues from the school, once the questions and the inquiries were made per the school policy, all of a sudden we have disciplinary issues with the same student. Counsel, am I correct that the only place that what you just said is mentioned in the complaint is in paragraphs 9 through 11? As far as the retaliation? Your Honor, actually, the complaint also mentions it in the first paragraph right under nature of action and jurisdiction. This is a civil action, 42-1983, seeking damages and injunctive relief against defendants for committing the acts under color of law with the intent and for the purpose of depriving plaintiffs unsecured rights under the Constitution, retaliating against plaintiffs and for refusing and neglecting to prevent such deprivations and denials to the plaintiffs. But the only place where you lay out what this retaliation is is 9 through 11? That is correct. That is correct, Your Honor. And how are the allegations in 9 through 11 sufficient to establish standing? Because what we're seeking here is a facial challenge of AR 5161. The facial challenge is not precluded by the fact that a plaintiff does not assert an individual claim for relief for retaliation. But on the facial challenge, as an example, Counsel, earlier in the year in a case where a decision hasn't come out yet, I heard a case from California with a similar claim, but the allegation in the case I heard was my child for a time was non-binary and I didn't learn of anything to do with my child and my personal familial rights were harmed because I'm the parent. There are no allegations like that here that anyone ever tried to apply the policies that you're talking about specifically to your client or her child or that any of the things discussed in the policy were things that your client or her child had done or were planning to do, right? Correct. That is correct. However, the fact that Washoe County School District has disciplined a child following the mother's inquiries for a school policy in itself is the retaliation. Well, that might make sense if you were asserting a retaliation claim and your injury was a violation of First Amendment rights. But, and you wanted relief specific to that, but you want to invalidate this policy. That's correct. And the retaliation theory that you're advancing, while I understand it, doesn't seem to connect to the policy. It does connect to the policy if the, prior to the policy being questioned, there was no retaliation. But that's not an application of the policy. That's an implication of First Amendment rights. That is correct, which is what this is. But it's not an application of the policy. And you're asking us to, or you're asking in this case, you're not asking us, you're asking in this case for a court to invalidate the policy. Based on the fact that a mother's inquiry was sufficient enough to trigger a retaliation against a student that was her son. Is it your allegation now that the retaliation continues? The retaliation has not continued simply because I believe the student is no longer at this particular school. I believe the student has gone on to another school. There's no possibility of the retaliation continuing. I believe that as far as another student being retaliated against. But for your client's child. For my client's child, I don't think that there will be a retaliation in particular to this particular school. The policy still being in existence, there absolutely might be retaliation because misgendering another student can result in discipline by Washoe County School District under this code. But not to your clients? If my client misgenders another student, absolutely he will be disciplined. But he's not at the school anymore. But he's still within Washoe County School District. This case is not particular to DePaoli Middle School. You're saying that he's at another school subject to the policy. Correct, correct. But you have nothing to tell us that he's still being discriminated against?  Or being retaliated against? That's correct. Now if he does misgender a student at Washoe County School District, then absolutely he will be subject to discipline under this policy. But you have not alleged anywhere that he ever did it or intends to do it? No. We have not alleged that because what we have alleged, though, is that this action is prohibitive under the First Amendment and the deliberate compelling of speech by using pronouns. And we've seen this across the country where pronoun-specific legislation has been invalidated under the First Amendment. But do you allege that John Doe was retaliated against because his mother complained about the policy? That is correct. Okay, you're not alleging that he was retaliated against because he used pronouns in a way that violated the policy. That is correct. He was subject to discipline. Now because there was a series of different acts that subjected him to discipline, that discipline only started after his mother questioned the policy. Right, but he's not being punished under the policy. Your view is he was punished because his mother complained about the policy. That is correct. It seems like there's just a fundamental disconnect, though, between what you're asking and what happened. You're asking for this whole policy to be invalidated, but what happened is that his mother complained about the policy and he was retaliated against. So it seems very difficult to see why the court or how a court could grant relief to on the grounds that the entire policy is out the window. He may have some argument about retaliation, but why would we take the whole policy and invalidate it when he's never been really subjected to it? Well, the question then remains is was there sufficient information to grant relief, to amend, to assert those. You never asked for it, right? I'm sorry? You never asked for it. That is correct. And in your memorandum in opposition to the motion to dismiss, not only did you not ask for relief to it, you didn't even use the word retaliation in the memo, right? In the memorandum, that is correct, because this was brought as a First Amendment challenge. If you were given relief to amend, what would you say? Well, for example, what we would do is we would include the different disciplinary issues that stemmed from this challenge that the mother had alleged. Be more specific. Give me an example. Well, there was an incident where some of the students were, I don't know if they were making fun of misgendering or not making fun of misgendering, but he was in particularly isolated from that group in the context that he was punished. Well, what you said in the blue brief, and I'm not sure that you're talking about the same incident, but what you say at page 5 is he was engaging in purportedly unruly behavior with a group of students. So you put that in the brief. What are you telling us as an officer of the court that this purportedly unruly behavior was? Well, again, I can't tell you for certain what this unruly behavior was. I know that there was a series of incidents following his mother's challenge of this and the meetings with the teachers that the student had been engaging in some kind of group-like behavior. The faculty had subject him to discipline. What was the discipline? Called him to the principal's office, called the mom. There was no, it wasn't significant suspended from the school. So the discipline was the principal talked to him and called his mother? I believe so, yes. I believe that that was discipline. Yes. It sounds like from your discussion that you would not be able to affirmatively allege that after the mom questioned the school's policy, the son was disciplined under AR-5161. The child was not disciplined under AR-5161, but again, the facial challenge is based on the fact that this was a retaliatory act following the mother's objection to the curriculum. If there are no other further questions, I will reserve the rest for rebuttal. Thank you. Thank you. Good morning. Neil Rombardo for the Appellees Washoe County School District. May it please the Court. This case is about Article III standing and appellants lack thereof. In order to forward a political agenda, appellants filed their lawsuit challenging a school district regulation that neither applies to them nor impacts them. The district will divide its arguments up into three parts. First, we'll discuss the eight claims that are actually in the complaint. Second, we'll discuss a claim that is not in the complaint, the retaliation claim. And third, we'll discuss leave to amend and why the Court properly dismissed this case. To begin with, the eight claims that are actually in the complaint. As the Court knows, for subject matter jurisdiction, there must be an actual case or controversy, which requires that the party who brings the case must demonstrate standing for each claim and each release sought. That's the Diamond Chrysler case, page one of the district's brief. In Lujan, the U.S. Supreme Court stated that to have Article III standing, in a nutshell, the party must have injury in fact, causation, and redressability. Although the district court found four injuries in fact in this case, the district court stated that there was no causation. In response to the district's motion to dismiss in this case, the appellants at no point even addressed causation. Under the Federal District Court Rule 7-2D, that is consent by the appellants to the granting of the motion. However, since this Court views motions to dismiss and dismissals de novo, lingo page one, I'd like to discuss all eight claims. To begin with, claims one, two, three, and seven all challenge the transgender student's privacy protection provision of the regulation as a violation of fundamental parental rights. Again, per Lujan, an injury in fact must be concrete and particular or imminent to the appellants, which is not the case here. It cannot be abstract. Here, J. Doe, the child at the school, the student, is not transgender. And as a result, the provision cannot apply to J. Doe, and by extension, it cannot apply to Jane Doe, period. And as a result, they don't have standing. But what also Lujan discussed was general grievances against the government. And what I'd like to point out, if you look at claims one, two, three, and seven in the complaint, which is ER 78 to ER 116, all four claims use the possessive plural form of the term plaintiff, plaintiffs, referring to parents, yet there's only one parent in this case. Not only does that show the political nature of this case brought by the appellants, but what it shows is that this is a general grievance against government, and that does not give them standing. It must be particular or concrete to them, and it is not. The district court dismissed the case, as it said, for a lack of subject matter jurisdiction. Yes. So by definition, that is a dismissal without prejudice? It is. Ordinarily, that's the Frigard case. And ordinarily, it is a dismissal without prejudice. However, that's not always the case. So in Frigard 862F2-201-1988, this court specifically stated, ordinarily a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. I think there's one really important word and one important phrase in that sentence, and that's ordinarily. So that doesn't mean always. And the second part is the ability to reassert the claims in a competent court. And here, as we just laid out with regard to 1, 2, 3, and 7, and we plan on laying out with regards to claims 2, 4, 5, 6, and 8, that this complaint, as alleged, cannot be filed in a competent court. And there's a case out of the Federal Circuit Court. If a plaintiff wanted to file a complaint tomorrow, hypothetically, let's say we affirmed, but a plaintiff wanted to file a complaint tomorrow that said, my child is transgender, this plaintiff, my child is transgender, this dismissal would not bar, and the policy is unconstitutional, this dismissal wouldn't bar that claim, right? It would not bar it. And similarly, at whatever school the Doe child is at now, if the allegation was, starting today, the principal and the teachers have started to retaliate against me because of my mother's complaints about this policy, that wouldn't be barred by this dismissal, right? That would also not be barred by this dismissal, even if with prejudice. Yes, Your Honor, that is correct. And that was discussed in the Freigard case, as well as preclusion. There's also an interesting case out of the Arizona Supreme Court, which is, I know, you know, it's persuasive, I think, and it talks about what is precluded and what's not. And so that could be filed, even if this is dismissed with prejudice. And I do think dismissal with prejudice is correct in this case. As the Field Turf case stated, which is at 357 F. 3rd 1266, 2004 case out of the Federal Circuit Court of Appeals, what the court stated there is dismissal with prejudice may be appropriate where it is plainly unlikely that the plaintiff will be able to cure the standing problem. And that's exactly the issue here, is these plaintiffs, the appellants, cannot cure the standing issue. As we already pointed out, 1, 2, 3, and 7 don't even apply to them, and it can't ever apply to them. With regard to claims 4, 5, and 6, there's a challenge to the anti-discrimination and anti-harassment provision of the regulation. However, as the court already pointed out, nowhere does the complaint allege that this actually affected J. Doe in any way, or Jane Doe in any way. They didn't, that J. Doe was disciplined for violating the regulation, that's not alleged. That J. Doe even intends to engage in a course of conduct that would violate the regulation, again, not alleging the complaint. But let's say hypothetically. Yes, Your Honor. They had said to the district court, again, hypothetically, we can amend this complaint to demonstrate that after Mom asserted her First Amendment rights and complained about the policy and various things that her child allegedly saw in the courtroom, the child was specifically disciplined and retaliated against because of Mom's claim. That would be something that if that had been, we would allege that if we're given the opportunity to amend, that would state a claim, wouldn't it? Well, hypothetically, that's not what's before the court, but yes, hypothetically that would state a claim. Okay. However, if this court were to dismiss with prejudice, they could still file that complaint. And that's, I think, the issue here, is that a dismissal on these eight claims, which is a facial challenge to this regulation, doesn't bar them from other claims. The issue here is that these appellants doubled down on this complaint. They stated this complaint did allege standing appropriately. They stated that it did bestow the court jurisdiction. It clearly doesn't, and that's why the court dismissed it. And there's no way, with regard to these eight claims, that they can resurrect this complaint. This complaint is unsalvageable because they never can have standing. What if we did what you said, and they went back and filed a new claim that said, on these dates, these old dates, I was retaliated against, that the Washaw County School District would not contend that that claim was barred by claim preclusion? I don't think it would be barred by claim preclusion, according to this case law. And that's something that Washaw will stick to in the future, should that ever happen? Well, I don't know how the complaint would be alleged. If they allege the complaint like it is here, we will... No, but, I mean, if they alleged what I said, hypothetically, that would not be barred by claim preclusion. I don't think it would be, based on the case law, as you've asked, Your Honor. All right. Thank you. And finally, so, moving on, with regard to Claim 8. In Claim 8, the appellants are challenging, again, the Transgender Privacy Protection Provision as a violation of their free exercise of religion. And, again, there is absolutely no injury in fact. There's nothing to connect the adoption of this regulation to a violation of their free exercise. As already stated, the Transgender Privacy Protection Provision does not even apply to Jay Doe or Jane Doe, because he is not transgender. Similarly, I would also like to point out, again, if you look at Claim 8 closely, and you look at, similar to 1, 2, 3, and 7, it uses the plural form of the word parents. And it also uses the plural form of the word children, or for child, children. But there's only one parent and one child in this case. And that just shows the nature of the lawsuit that's filed here. This is not a particularized lawsuit. There is no injury in fact to these appellants, and there is absolutely no standing. With regard to the retaliation claim, what we have here is appellants are now attempting to abandon the eight unsuccessful claims that they've already filed in this case for a single retaliation claim, but they've never pled it. There's three passing references, as the court pointed out, in the complaint to retaliation. There's absolutely, to this day, the type of retaliation is unknown and undefined. It's not a claim in the complaint. In fact, in the 24-page response, they don't mention the word retaliation. So the question would be, what's the protected activity? What was the action against the protected activity taken by government? Was that directed at the protected activity, and did it dissuade the appellants from conducting that protected activity? Those are the elements of retaliation. They're not here. And as an aside, I'll just point out that to rely on an unpledged claim, as they are attempting to do today, to resurrect this complaint, is an acknowledgment that they don't have standing in the other eight claims. Finally, with regard to leave to amend and why the court's dismissal was proper in this case, as the court already pointed out, at no point have the appellants ever asked for leave to amend. The appellants did not take advantage of Rule 15, which allows them to amend the complaint within 21 days of our motion to dismiss. They didn't file their own motion. They didn't present any new facts or any new language in their response that would connect these appellants to these claims that would give them standing. Also, when the district court lacks jurisdiction, it has no choice but to dismiss. This court has ruled that in Morongo Band of Mission Indians. And here, it's upon the appellants to plead the three elements of standing. It's not the responsibility of the court or of the other side to point, or it's our responsibility to point it out, as we did. But the failure to meet those threshold issues of Article III standing denied the district court subject matter jurisdiction. And when the court's denied subject matter jurisdiction, it's very limited what it can and can't do. And I don't even think it can actually grant a motion for leave to amend, as this court has previously ruled. It has to dismiss. So the only issue now becomes whether it was dismissal with or without prejudice and is with prejudice appropriate. And clearly, with prejudice is appropriate in this case because the appellants cannot fix their standing issue. So in conclusion, here's the reality of this lawsuit. Every day, the Washoe County School District seeks to honor their 60,000 students, their parents, and their families. The appellants disagree with the district's position and efforts to honor and respect its transgender and gender nonconforming students. However, instead of using the proper political process to change the administrative regulation, the appellants chose to file a general grievance lawsuit against the district, which appellants lack standing to bring and the law does not permit. As a result, the district respectfully requests that this court affirm the district's court's order dismissing this case with prejudice for lack of standing, or excuse me, for lack of subject matter jurisdiction pursuant to Rule 12b-1. If there's no other questions, that's it. Thank you, counsel. Thank you. At the outset, I'd like to address the statute of... I believe it was Judge Bennett that asked about the statute and if this case is in fact remanded for dismissal with prejudice versus without prejudice. I think one of the bars that we would see in this case is that the case in controversy originally occurred around January 17th, 2023 and under 1983 statute of limitations, there would be a bar from bringing this particular case back as far as estoppel is concerned. Another thing that I'd like to address is that when we talk about the facial challenge that this case is brought under, again, what the court needs to examine is whether Article III standing was not established based on the issue of the causation, the proper redress, and injury effect. The injury effect in this case was in fact the retaliation that the student suffered following his mother's complaints to the school district. The causation was that the injury was caused by the school district and the redress is in fact if this court finds that the administrative rule is found to be unconstitutional, then the redress is that this student will never be subject to any type of discipline for misgendering another student and along with the other policies that 5161 allows us. So with that, unless there's any other questions, I'd like to thank you. We thank counsel for their arguments and the case just argued will be submitted. With that, the court will take a short recess.
judges: BENNETT, BRESS, FORREST